UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY ERIC EMERSON, | ) | |
| | ) | |
| No. 087906 | ) | |
| | ) | |
| PLAINTIFF, | ) | NO. 3:16-CV-00238 |
| | ) | JUDGE CRENSHAW |
| v. | ) | |
| | ) | |
| CORIZON, INC., et al. | ) | |
| | | |
| DEFENDANTS. | | |

## ORDER

Anthony Eric Emerson, an inmate of the Arizona Department of Corrections, brings this pro se action under 42 U.S.C. § 1983, alleging that he is being deprived of appropriate treatment for his serious, documented medical conditions. (Docket No. 1). The Plaintiff has submitted a motion to proceed in forma pauperis (Docket No. 2) and an amended motion to proceed in forma pauperis (Docket No. 12). He also has filed an emergency motion for injunctive relief (Docket No. 8) seeking medical attention.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). It appears from his application that the Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his amended application (Docket No. 12) is **GRANTED**, and his original application is **DENIED AS MOOT**. (Docket No. 2).

Under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing

1

fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the Plaintiff's account; or (b) the average monthly balance in the Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of inmate trust funds accounts at the Arizona Department of Corrections to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to

the payment of the filing fee. If the Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the Plaintiff to his new place of confinement for continued compliance with this order.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action, such as the instant case, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the majority of the named Defendants are located in Arizona. The Plaintiff is an inmate of the Arizona State Prison, Manzanita Unit, which is located in Tucson, Arizona. The events allegedly giving rise to this action occurred in Tucson, Arizona. Arizona constitutes one judicial district, and the United States District Court for the District of Arizona hears cases in Phoenix as well as Tucson. 28 U.S.C. § 82. The Court finds that venue for this action belongs more appropriately in that judicial district.

Accordingly, the Clerk is directed to **TRANSFER** this action to the United States District Court for the District of Arizona, Tucson Division. 28 U.S.C. § 1406(a). The frivolity review required by the PLRA is more appropriately addressed by the transferee court. **The Plaintiff is advised that all future filings should be directed to that court.**

The Court notes also that the Plaintiff's emergency motion for injunctive relief (Docket No. 8) remains pending.

It is so **ORDERED**.

Entered this 22nd day of April, 2016.

                                                                           WAVERLY D. CRENSHAW, JR.
                                                                           UNITED STATES DISTRICT JUDGE